**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 3:20-CR-559-E |
| ) | |
| ASHLEY NEICE ) | |

**MEMORANDUM OPINION AND ORDER**

By *Special Order 3-251*, before the Court is the *Motion for Release from Detention Pending Trial*, filed February 23, 2022 (doc. 202). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

## I. BACKGROUND

Ashley Niece (Defendant) was charged by criminal complaint with obstructing, attempting to obstruct, or in any way interfering with or preventing the enforcement of 18 U.S.C. § 1591(a) on July 13, 2021. (*See* doc. 1.) The complaint alleged that Defendant told a sex trafficking victim to recant her statements to law enforcement and not say anything so that charges against her alleged trafficker would be dropped. (*See id.* at 5.)[1] Defendant was arrested and made her initial appearance on August 18, 2021. (*See* doc. 4.) The Government moved to detain her, she waived her rights to a detention hearing at that time but reserved her rights under the Bail Reform Act, and was ordered detained. (*See* docs. 3, 7, 9, 11, 12, 14.) Defendant is currently charged in a third superseding indictment dated November 17, 2021, with two counts of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512. (*See* doc. 131 at 16-18.)

Defendant now seeks pretrial release "to further prepare for trial without the constraints of

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

incarceration". (*See* doc. 202 at 1.)

### III. 18 U.S.C. § 3142(i)

Defendant's motion does not cite a statutory basis for pre-trial release. Because it seeks her release to prepare for trial, it is construed as seeking temporary release under 18 U.S.C. § 3142(i). *See United States v. Dunn,* No. 3:19-cr-503-X (N.D. Tex. Apr. 13, 2020), doc. 27 at 1-2 (construing motion for pretrial release by defendant who waived hearing as arising under § 3142(i)).

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Although the United States Court of Appeals for the Fifth Circuit does not appear to have specifically addressed the applicable standard for determining whether release is necessary for preparation of a person's defense, another district court in this circuit set out several guiding factors, including whether the defendant had been afforded ample time and opportunity to prepare for trial and participate in his defense, the complexity of the case, the volume of information, the expense, and the inconvenience. *See United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *6 (W.D. La. Jan. 18, 2013); *see also United States v. Dupree*, 833 F. Supp. 2d 241, at 248-49 (E.D.N.Y. 2011) (considering some of the same factors). The defendant bears the burden to show that temporary release is necessary. *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (quoting *Buswell,* 2013 WL 210899, at *5); *United States v. Slaughter*, __ F. Supp. 3d __, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Defendant's motion simply states that she seeks pretrial release "to further prepare for trial." It does not set forth any facts to explain why her release is necessary to allow her to prepare her

defense. Without more, there is no basis to support a finding that Defendant has met her burden to show that her release is necessary for preparation of her defense.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on February 24, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3