IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )  No. 3:20-CR-559-E |
| | ) |
| ASHLEY NEICE | ) |

**MEMORANDUM OPINION AND ORDER**

By *Special Order 3-251* and electronic order of reference dated March 14, 2022 (doc. 212), before the Court is the *Motion for Detention Hearing*, filed March 14, 2022 (doc. 211). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

### I. BACKGROUND

Ashley Neice (Defendant) was charged by criminal complaint with obstructing, attempting to obstruct, or in any way interfering with or preventing the enforcement of 18 U.S.C. § 1591(a) on July 13, 2021. (*See* doc. 1.) The complaint alleged that Defendant told a sex trafficking victim to recant her statements to law enforcement and not say anything so that charges against her alleged trafficker would be dropped. (*See id.* at 5.)[1] Defendant was arrested and made her initial appearance on August 18, 2021. (*See* doc. 4.) The Government moved to detain her, she waived her rights to a detention hearing at that time but reserved her rights under the Bail Reform Act, and was ordered detained. (*See* docs. 3, 7, 9, 11, 12, 14.) Defendant is currently charged in a third superseding indictment dated November 17, 2021, with two counts of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512. (*See* doc. 131 at 16-18.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Defendant now seeks a detention hearing, noting that her waiver of detention hearing reserved her rights "to a future hearing." (*See* doc. 211.)

### III. 18 U.S.C. § 3142(i)

Defendant's motion does not cite a statutory basis for her request, but her waiver of detention hearing expressly reserved her rights under "the Bail Reform Act, including 18 U.S.C. § 3142(f)(2) and (i)". (*See* doc. 10.)

A.     **§ 3142(f)(2)**

Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989)). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new, citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th

Cir. Aug. 24, 2000).

Here, Defendant's motion does not allege the existence of new information that warrants the reopening of the detention hearing. Without more, there is no basis to support a finding that Defendant has shown that a hearing is required.

**B.      § 3142(i)**

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Although the United States Court of Appeals for the Fifth Circuit does not appear to have specifically addressed the applicable standard for determining whether release is necessary for preparation of a person's defense, another district court in this circuit set out several guiding factors, including whether the defendant had been afforded ample time and opportunity to prepare for trial and participate in his defense, the complexity of the case, the volume of information, the expense, and the inconvenience. *See United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *6 (W.D. La. Jan. 18, 2013); *see also United States v. Dupree*, 833 F. Supp. 2d 241, at 248-49 (E.D.N.Y. 2011) (considering some of the same factors). The defendant bears the burden to show that temporary release is necessary. *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (quoting *Buswell,* 2013 WL 210899, at *5); *United States v. Slaughter*, __F. Supp. 3d __, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Defendant's motion does not set forth any facts to explain why her release is necessary to allow her to prepare her defense or for another compelling reason. It provides no reason for her request for a hearing at this stage. Without more, there is no basis for a hearing at this time.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on March 14, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4